UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RONRICCO PRICE,

        Plaintiff,                Case No. 1:10-cv-265

v.                                         Honorable Robert J. Jonker

D. LIGHTHART et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility, but the events giving rise to his complaint occurred while Plaintiff was incarcerated in the Berrien County Jail awaiting his criminal trial. In his *pro se* complaint, he sues Berrien County Deputy D. Lighthart and Sheriff L. Paul Bailey.

Plaintiff claims that on January 9, 2010, Defendant Lighthart went by his cell and told him "stop playing card[s] on that box nigga!" (Compl., 3, docket #1.) Lighthart then left and came back to Plaintiff's cell and threw his personal property on the floor, saying "clean up your dame [sic] room cell nigga!" (*Id.*) Plaintiff claims that he filed a grievance concerning Defendant Lighthart's use of racial slurs, but Defendant Bailey failed to address the issue.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim implicates the Eighth Amendment's guarantee against cruel and unusual punishment[1] and the Fourteenth Amendment's guarantee of equal protection. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's

---

[1] Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. The Fourteenth Amendment's equal protection guarantee "commands that no state shall deny to any person within its jurisdiction the equal protection of the laws." *Club Italia Soccer & Sports Org., Inc. v. Charter Township*, 470 F.3d 286, 298 (6th Cir. 2006) (internal quotation marks omitted). "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Id.*; *see also Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.").

In this case, Plaintiff alleges that Defendant Lighthart used racial slurs in addressing him. A prison official's use of racial epithets is unprofessional and highly reprehensible, and it deserves the Court's strongest condemnation. An allegation that a prison official used racial slurs, however, does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Ivey*, 832 F.2d at 954-55; *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of the Eighth Amendment) (citing *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985)); *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1,

2000) (occasional or sporadic use of racial slurs does not rise to a level of constitutional magnitude); *Bell-Bey v. Mayer*, No. 98-1425, 1999 WL 1021859, at *1 (6th Cir. Nov. 3, 1999) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Nor does an allegation that a prison official used racial slurs, standing alone, violate the Fourteenth Amendment's guarantee of equal protection. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 & n.61 (5th Cir. 2003). If accompanied by "harassment or a violation of established rights," a racial epithet "may amount to a separate equal protection violation." *Id. But see Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (holding that verbal harassment and abuse are not recoverable under § 1983); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (holding that racially derogatory remarks, although "unprofessional and inexcusable," are not "a deprivation of liberty within the meaning of the due process clause"). Here, however, Plaintiff does not allege an accompanying violation that might allow the slurs to state a separate equal protection claim. *See Williams*, 352 F.3d at 1013 & n.61. Consequently, Plaintiff fails to state a claim for a violation of his Eighth Amendment, Fourteenth Amendment due process or Fourteenth Amendment equal protection rights.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 28, 2010          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE